IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HELIOS STREAMING, LCC and IDEAHUB, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 19-1792 (CFC) (SRF) |
| VUDU, INC., | ) ) ) ) | |
| Defendant. | ) | |
| HELIOS STREAMING, LCC and IDEAHUB, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) ) | |
| v. | ) ) | C.A. No. 19-1978 (CFC) (SRF) |
| SHOWTIME DIGITAL INC., and SHOWTIME NETWORKS INC., | ) ) ) ) | |
| Defendants. | ) | |

**[PROPOSED] AMENDED SCHEDULING ORDER**

WHEREAS, on February 24, 2021, the Court issued an Oral Order amending the Scheduling Order (D.I. 36) as follows: (1) the previously set trial and pretrial conference dates are vacated; (2) the deadlines from the close of fact discovery to the deadline for case dispositive motions are extended by 6 months; and (3) a joint status letter is due by the earlier of November 15, 2021 or within 7 days of the completion of the inventor depositions;

IT IS ORDERED that:

1.  **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **January 29, 2021**.

2. **Discovery**[1]. All **discovery** in this case shall be initiated so that it will be substantially completed on or before **November 15, 2021.** Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

a. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five (5) days of the date of this Order.

b. <u>E-Discovery Default Standard</u>. If <u>they</u> have not already done so, the parties are to review the Default Standard for Discovery of Electronic Documents, which is posted on Magistrate Judge Fallon's section of the Court's website (http://www.ded.uscourts.gov) under the "Guidelines" tab, and is incorporated herein by reference.

c. <u>Document Production.</u> Document production shall be substantially completed on or before **January 25, 2021**.

d. <u>Interrogatories.</u> Plaintiffs will jointly serve up to 15 interrogatories on Defendants, collectively. All Defendants will coordinate with one another and jointly serve up to 15 interrogatories on Plaintiffs, collectively. In addition, each Defendant Group[2] may serve Plaintiffs up to 10 individualized interrogatories, and Plaintiffs may serve each Defendant Group up to 10 individualized interrogatories. Any additional interrogatories may only be served with leave of Court.

---

[1] Should the parties agree to modify the number of depositions under FED. R. CIV. P. 30, the number of allowed interrogatories under Rule 33 or limit the number of requests for production and/or requests for admission under Rules 34 and 36 respectively, they shall include the appropriate proposed provisions in this Order.

[2] The Defendant Groups include: (1) Vudu, LLC; and (2) Showtime Digital, Inc. and Showtime Networks, Inc.

    e. <u>Contention Interrogatories.</u>  In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    f. <u>Requests for Admission.</u>  Plaintiffs may jointly serve up to 20 requests for admission on all Defendants, collectively.  All Defendants may jointly serve up to 20 requests for admission on Plaintiffs, collectively.  In addition, each Defendant Group may serve Plaintiffs up to 10 individualized requests for admission.  Any additional requests for admission may only be served with leave of Court.  Any requests for admission directed to the authentication of documents are excluded from the limitations above.  The parties will work to agree on authentication where possible.

    g. <u>Depositions</u>.

      i. <u>Timing.</u>  In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6) shall be scheduled prior to the completion of document production.

      ii. <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a maximum of **80** hours for taking fact depositions.

      iii. <u>Location of Depositions</u>.  The parties will agree upon a mutually acceptable deposition location convenient for the witnesses.

    h. <u>Disclosure of Expert Testimony.</u>

        i.      For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **January 7, 2022.**

        ii.      The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **February 7, 2022.**

        iii.      Reply expert reports from the party with the initial burden of proof are due on or before **February 28, 2022**.

        iv.      No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

        i.      <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

        j.      <u>Fact Witnesses to be Called at Trial.</u>

        i.      Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial.

        ii.      Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.

        iii.      The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

        k.      <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

        i.      Should counsel find they are unable to resolve a discovery matter or those other matters covered by this paragraph,[3] the moving party (*i.e.*, the party seeking relief from the Court) shall file a "[Joint] Motion for Teleconference To Resolve [Protective Order or Discovery] Dispute." The suggested text for this motion can be found in Magistrate Judge Fallon's section of the Court's website in the "Forms" tab, under the heading "Discovery Matters–Motion to Resolve Discovery Disputes."

        ii.      The Court will thereafter order a discovery telephone conference and deadlines for submissions. On the date set by the Court, generally not less than seventy-two (72) hours prior to the conference, excluding weekends and holidays, the party seeking relief shall file with the Court a letter, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. This submission shall include a proposed order, attached as an exhibit, setting out the nature of the relief requested.

        iii.      On the date set by the Court, generally not less than forty-eight (48) hours prior to the conference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12-point font, outlining that party's reason for its opposition.

---

[3] Counsel are expected to ***verbally*** discuss the issues/concerns before seeking the Court's intervention.

      iv.    Two (2) courtesy copies of the letters are to be hand delivered to the Clerk's Office within one hour of e-filing. All courtesy copies shall be double-sided.

      v.    Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.

      vi.    Disputes or issues regarding protective orders, or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in accordance with this paragraph.

3.    **<u>Application to Court for Protective Order</u>.**  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of protective order, counsel must follow the provisions of Paragraph 2(j) above.

    Any proposed protective order should include the following paragraph:

> <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who in other proceedings becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

4.    **<u>Papers Filed Under Seal</u>.**  When filing papers under seal, counsel should deliver to the **<u>Clerk</u>** an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version

of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5. **Courtesy Copies.** The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

6. **ADR Process.** This **matter** will be discussed during the Rule 16 scheduling conference.

7. **Interim Status Report.** On **March 29, 2021**, counsel shall submit a joint interim status report to the Court on the nature of the matters in issue and the progress of discovery to date.

8. **Status Conference.** On **May 18, 2021,** the Court will hold a Rule 16(a), (b) and (c) conference with counsel **beginning** at **10 A.M.** At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9. **Claim Construction Issue Identification.** On or before **November 20, 2020** the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **December 18, 2020.** The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in

issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

10. **Claim Construction Briefing.** The **Plaintiff** shall serve, but not file, its opening brief, not to exceed 20 pages, on **January 14, 2021**. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on **February 11, 2021.** The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on **March 4, 2021.** The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **March 18, 2021**. No later than **April 4, 2021**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-upon Constructions

II. Disputed Constructions

    A. [TERM 1]

        1. Plaintiff's Opening Position

        2. Defendant's Answering Position

        3. Plaintiff's Reply Position

        4. Defendant's Sur-Reply Position

    B. [TERM 2]

        1. Plaintiff's Opening Position

    2.  Defendant's Answering Position

    3.  Plaintiff's Reply Position

    4.  Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

  11.  Beginning at **10 A.M.** on **May 18, 2021**, the Court will hear evidence and argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they would like to have allocated to them for the hearing.

  12.  The court shall issue its decision on claim construction on or about **June 17, 2021**, at the Court's convenience.

  13.  **<u>Case Dispositive Motions</u>.**  All case dispositive motions and objections to expert testimony, an opening brief, and affidavits, if any, in support of the motion and/or objections shall be served and filed on or before **April 21, 2022**.  Briefing will be presented pursuant to the Court's Local Rules, and Paragraph 20 of Judge Connolly's Scheduling Order for Patent Cases in Which Infringement Is Alleged (Revised March 2, 2020), except as modified during the scheduling conference. If the matter is scheduled for a bench trial, no case dispositive motions shall be filed without prior authorization of the Court. No case-dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

Any reference to exhibits in the briefs must refer to the specific pages of the exhibit proffered in support of a party's argument. If the exhibit is a deposition, both the page and line numbers must be specified.[4]

14. **Applications by Motion.**  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. **Pretrial Conference.**   On **a date to be determined,** the Court will hold a trial sequencing conference to discuss the scheduling and sequencing of trials among the Defendant Groups.  On **a date to be determined,** the Court will hold a Pretrial Conference for the first-scheduled Defendant Group in Court with counsel beginning at **9 A.M.**  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or  before **a date to be determined**.  Unless otherwise ordered by the Court, the parties shall comply with the time frames set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

16. **Motions *in Limine*.**  Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be

---

[4] For example, a reference to an exhibit that refers to the entire document will not be accepted and is not consistent with this provision.

supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. **Jury Instructions, Voir Dire, and Special Verdict Forms.** Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file **joint** (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

18. **Trial.** The first Defendant Group is scheduled, at the Court's convenience, for a **7** day **jury** trial beginning at 9:30 a.m. on **a date to be determined**, with the subsequent trial days beginning at 9:00 a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

                                 UNITED STATES MAGISTRATE JUDGE

## AMENDED CHART OF SCHEDULING DATES

| Event | Deadline | Amended Deadline |
|---|---|---|
| Rule 26(a)(1) Initial Disclosures | Within 5 days after entry of Scheduling Order | |
| Parties Exchange Proposed Claim Constructions | November 20, 2020 | |
| Parties File Joint Claim Construction Chart | December 18, 2020 | |
| Plaintiffs Serve Opening Claim Construction Brief | January 14, 2021 | |
| Substantial Completion of Document Production | January 25, 2021 | |
| Joinder of Parties and Amendment of Pleadings | January 29, 2021 | |
| Defendants Serve Answering Claim Construction Brief | February 11, 2021 | |
| Plaintiffs Serve Reply Claim Construction Brief | March 4, 2021 | |
| Defendants Serve Sur-Reply Claim Construction Briefs | March 18, 2021 | |
| Interim Status Report | March 29, 2021 | |
| Parties File Joint Claim Construction Brief | April 4, 2021 | |
| Status Conference | May 18, 2021 | |
| *Markman* Hearing | May 18, 2021 | |
| Order Regarding Claim Construction | June 17, 2021 | |
| Fact Discovery Completion | May 14, 2021 | November 15, 2021 |
| Joint Status Letter | | November 15, 2021 or within 7 days of completion of inventor discovery |
| Opening Expert Reports | July 1, 2021 | January 7, 2022 |
| Rebuttal Expert Reports | July 30, 2021 | February 7, 2022 |
| Supplemental Expert Reports | August 20, 2021 | February 28, 2022 |

| **Event** | **Deadline** | **Amended Deadline** |
|---|---|---|
| Deadline to File Case Dispositive Motions | October 17, 2021 | April 21, 2022 |
| Trial Sequencing Conference | January 20, 2022 | TBD |
| Joint Proposed Pretrial Order | February 3, 2022 | TBD |
| Pretrial Conference | February 24, 2022 | TBD |
| Trial | March 14, 2022 | TBD |